UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Chelsea Culver, and Case No. 3:23-CV-2454
Ben Smith,

 Plaintiffs, Judge James G. Carr

 v.

 **OPINION AND ORDER**

Melissa Churchill, *et al.*,

 Defendants.

The following is an action brought under the Fair Housing Act of 1968, 42 U.S.C. § 3601, *et seq.* by *pro se* Plaintiffs, Chelsea Culver and Ben Smith, against their former landlords, , Melissa Churchill and Donald Zeiters (Defendants). (Doc 1). They additionally assert defamation claims under 28 U.S.C. §410. (*Id.*).

### Background

This case stems from an eviction action for non-payment of rent filed by Defendants in the Norwalk Municipal Court. *See Churchill v. Blankenship (Culver)*, CVG2301255 (Norwalk. Mun. Ct. Dec. 12, 2023). (Doc. 1, pgID 2).

According to the Complaint, Plaintiffs entered into a lease agreement with Defendants on May 1, 2022. Plaintiffs became delinquent in paying their rent. Defendants served Plaintiffs with a 3-day notice to vacate the premises but accepted another rent payment after serving the notice.

On October 24, 2023, Defendants filed the eviction action against Plaintiffs. Plaintiffs attempted to make another rent payment on November 21, 2023. Defendants refused to accept any further payments.

On December 12, 2023, the Norwalk Municipal Court dismissed the eviction action because Defendants had - prior to November 21, 2023 - accepted past due rent payments. The following day, Defendants began the eviction process anew by serving another 3-day notice.

Plaintiffs assert, without explanation, that this action violated the law. They claim they can seek damages for wrongdoing under the Fair Housing Act without having to prove discrimination. They further allege a potential landlord, the Davis Group, rejected their rental application due to the eviction action. They seek damages under 28 U.S.C. § 410 for defamation.

## Discussion

I construe Plaintiffs' Complaint liberally, as I am required to do. *See Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005). I nonetheless *sua sponte* dismiss, which is within my authority to do. *See Neitzke v. Williams*, 490 U.S. 319 (1989); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).

Plaintiffs have not established a basis for this Court's subject matter jurisdiction. *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). Therefore their claims must be dismissed. *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

Generally speaking, the Constitution and Congress have given federal courts authority to hear a case only when diversity of citizenship exists between the parties, or when the case raises a federal question. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Neither basis exists here.

Plaintiffs list Ohio addresses for all parties to this case. There is no indication that any of the parties are citizens of states other than Ohio. There is no diversity jurisdiction in this case.

Additionally, federal question jurisdiction is lacking. Eviction and defamation actions are governed solely by state law. Plaintiffs' attempt to bring those actions into federal court by citing

generally to the Fair Housing Act and to the statutory definition of defamation under 28 U.S.C. § 410 fails as a matter of law.

The Fair Housing Act prohibits discrimination in the terms or conditions of buying, selling, leasing and funding housing on the basis of race, color, religion, sex, familial status, national origin, or disability. Plaintiffs fail to allege discrimination based on any protected class. They contend the Fair Housing Act gives them the right to recover for wrongdoing "regardless of whether there was an intent to discriminate." (Doc. 1, pgID 4).

They are – quite simply – wrong. The Fair Housing Act is wholly irrelevant to the actions alleged in the Complaint.

Similarly, while 28 U.S.C. § 410 includes a definition for defamation, it does so in the context of collection of foreign defamation judgments. This statute does not provide a federal cause of action for a state law defamation tort claim and is wholly irrelevant to this case.

## Conclusion

For the foregoing reasons, it is hereby

ORDERED THAT the Plaintiffs' Complaint (Doc. 1) be, and the same hereby is, dismissed for lack of subject matter jurisdiction.

The Court certifies pursuant to 28 U.S.C. §1915(a)(3) that an appeal from this decision could not be taken in good faith.

So ordered.

/s/ James G. Carr
Sr. U.S. District Court Judge