IN THE UNITED STATES DISTRICT COURT,
NORTHERN DISTRICT OF OHIO,
WESTERN DIVISION

| | |
|---|---|
| Chelsea Culver, *et al.*, | Case No. 3:23-cv-02454 |
| Plaintiffs, | Judge James G. Carr |
| v. | |
| Melissa Churchill, *et al.*, | ORDER |
| Defendants. | |

This is a suit brought by *pro se* Plaintiffs, Chelsea Culver and Ben Smith, under the federal Fair Housing Act of 1968 ("FHA"), 42 U.S.C. § 3601, *et seq.*, against their former landlords, Melissa Churchill and Donald Zeiters (Defendants). (Doc 1). In addition to their FHA claims, Plaintiffs allege a potential landlord, the Davis Group, rejected their rental application due to the eviction. They seek damages under 28 U.S.C. § 4101 for defamation.[1]

Pending is Plaintiffs' Motion for Relief from Final Judgment filed under Fed.R.Civ.P. 60(b). (Doc. 9). For the reasons that follow, I deny the Motion.

**Factual History**

This case stems from an eviction action for non-payment of rent filed by Defendants in the Norwalk Municipal Court. *See Churchill v. Blankenship (Culver)*, CVG2301255 (Norwalk. Mun. Ct. Dec. 12, 2023). (Doc. 1, pgID 2). According to the Complaint, Plaintiffs entered into a lease agreement with Defendants on May 1, 2022. Defendants served Plaintiffs with a 3-day notice to vacate the premises for delinquent rental payments but accepted another payment after

---

[1] While 28 U.S.C. § 4101 includes a definition for defamation, it does so in the context of defining those limited circumstances where a domestic (U.S) court can enforce/recognize judgments of foreign courts for defamation actions. This statute does not provide a federal cause of action for a state law defamation tort claim and is wholly irrelevant to this case.

1

serving the notice. On October 24, 2023, Defendants filed the eviction action against Plaintiffs. Plaintiffs attempted to make another rent payment, but Defendants refused to accept it.

On December 12, 2023, the Norwalk Municipal Court dismissed the eviction action. because Defendants had - prior to filing on November 21, 2023 - accepted past due rent payments. The following day, Defendants began the eviction process anew. This time, the Norwalk Municipal Court entered judgment in favor of the landlords. (See *Churchill v. Blankenship, et al.*, No. CVG2301498 (Norwalk Muni. Ct. Jan. 4, 2024)).

### Procedural History

Plaintiffs filed their federal Complaint on December 27, 2023. On April 10, 2024, I dismissed the case for lack of jurisdiction, holding Plaintiffs stated no cognizable claim. (Doc. 7). I entered judgment on the same date. (Doc. 8).

### Legal Standard

In reviewing a motion made under Rule 60(b), my inquiry is limited to determining whether one of the specified circumstances exists for a plaintiff to reopen the merits of the underlying claims. *Peake v. First Nat'l Bank & Trust Co.,* 717 F.2d 1016, 1020 (6th Cir. 1983). That is: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence, which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or vacated; or (6) any other reason justifying relief. Fed.R.Civ.P. 60(b).

Plaintiffs seek relief under (b)(1) mistake, (b)(3) fraud, and (b)(4) void judgment. As outlined below, reversing the dismissal under any, and all, sections of R. 60 is not warranted.

### Legal Analysis

Plaintiffs present eight scenarios for relief couched as "Assignments of Error" (AOE). They assert I made a substantive mistake in law and fact by finding their defamation claims are state law claims, not federal (AOE I, V, VIII). Plaintiffs next allege a mistake of fact in my holding they cannot seek damages under the FHA without proving discrimination (AOE II, VI). They assert another mistake of law in my finding this Court has no subject matter jurisdiction (AOE III and IV). They finally allege I demonstrated bias and violated Plaintiffs' due process rights by dismissing the Complaint, rather than entering default against Defendants (AOE VII).

I acknowledge that a *pro se* complaint is "to be liberally construed," and "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007); Fed.R.Civ.P. 8(f). However, "[t]he factual allegations in the complaint need to be sufficient to give notice…as to what claims are alleged, and …must…render the legal claim plausible…." *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

While Plaintiffs generally averred violations of the FHA, they gave no specific basis and named no protected class in their Complaint. (Doc. 1). This omission is fatal to a case brought under the FHA. *See, HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 612 (6th Cir. 2012).

To prevail on a disparate treatment claim under the FHA, a plaintiff must prove intentional discrimination. *See Nationwide Mut. Ins. Co. v. Cisneros,* 52 F.3d 1351, 1362 (6th Cir. 1995). This can be established either through direct evidence or though burden-shifting circumstantial evidence as first articulated in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973). *See, Lindsay v. Yates,* 498 F.3d 434, 440 (6th Cir. 2007). Plaintiffs did not allege intentional discrimination based on protected class in any form – direct or circumstantial. And

while they generally allege a claim of retaliation,[2] there must be a causal connection, resulting in harm for engaging in protected activity. *McGuire* at *6-7. Plaintiffs simply allege "acts of retaliatory action." (Doc. 1, pgID 4). Plaintiffs' Complaint fails in all respects.

In support of their Motion, Plaintiffs – for the first time – allege Plaintiff Smith is "an American Indian." (Doc. 9, pgID 28). While this could possibly provide grounds for a claim under the FHA, there is still no assertion that Defendants committed discriminatory acts against Plaintiffs *because of* Smith's race, color, religion, or national origin. See, 42 U.S.C. § 3604.

Generally, the Court should "freely" grant requests to amend. Fed.R.Civ.P. 15(a)(2). However, where - as here - Plaintiffs seek to right a wrong after an adverse judgment, they "must meet the requirements for reopening a case established by Rules 59 or 60. *Leisure Caviar, LLC v. U.S. Fish and Wildlife Service,* 616 F.3d 612, 616 (6th Cir. 2010). This is because "a permissive amendment policy applied after adverse judgments [would allow plaintiffs to] use the court as a sounding board to discover holes in their arguments, then 'reopen the case by amending their complaint to take account of the court's decision.'" *V.R. Ent. v. City of Ann Arbor,* No. 12-CV-10203, 2012 WL 3230418, at *1 (E.D. Mich. Aug. 6, 2012) (quoting *James v. Watt,* 716 F.2d 71, 78 (1st Cir. 1983)).

Turning to the standards of R. 60(b), first, failure to properly plead allegations is not a "mistake" sufficient to overcome dismissal under (b)(1). *Fed.'s Inc. v. Edmonton Inv. Co.*, 555 F.2d 577, 583 (6th Cir. 1977). If Plaintiffs intended to claim they were harmed because of protected class(es), the time to do so has passed. Plaintiffs make no viable argument for

---

[2] The FHA's retaliation provision provides: "[i]t shall be unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by section 3603, 3604, 3605, or 3606 of this title." 42 U.S.C. § 3617.

vacating the judgment and reopening the case under R. 60(b)(1).

Moreover, the proper standard for R. 60(b)(3) requires the moving party to demonstrate the non-movant engaged in deliberate or reckless misbehavior. *Jordan v. Paccar, Inc.*, 97 F.3d 1452 (6th Cir. 1996). Plaintiffs, instead, indirectly assert the Court committed fraud. They fail to demonstrate the requisite for vacating an order under (b)(3) – fraud by the Defendants.

Finally, R. 60(b)(4) provides for relief in circumstances where the underlying judgment is void. *Antoine v. Atlas Turner, Inc.,* 66 F.3d 105, 108 (6th Cir.1995). "A judgment is void under 60(b)(4) 'if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law.'" *Id.* (quoting *In re Edwards,* 962 F.2d 641, 644 (6th Cir. 1992)).

In other words, R. 60(b)(4) operates to overturn a judgment that should have been void, such as where the court *fails to* dismiss a case due to "glaring" lack of jurisdiction. *In re G.A.D., Inc.*, 340 F.3d 331, 336 (6th Cir. 2003) (citing, *Kocher v. Dow Chem. Co.,* 132 F.3d 1225, 1230 (1997)). Here, the lack of subject matter jurisdiction *is* glaring. Therefore, dismissal was proper.

### Conclusion

Upon review, I find no mistake of law or fact, which would necessitate relief from dismissal of the case. For the foregoing reasons, it is hereby ORDERED THAT:

Plaintiffs' R. 60(b) Motion for Relief from Final Judgment and Order (Doc. 9) be, and the same hereby is, **denied**.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

So ordered.

DATE: 8/1/2024         */s/ James G. Carr*
                       Sr. U.S. District Court Judge